70 F.3d 112
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RYAN WALSH, INCORPORATED; Employers Casualty Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Leroy Ferguson, Respondents.
 No. 95-1208
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 24, 1995.
Decided Nov. 20, 1995.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-675-A)
 Richard P. Salloum, FRANKE, RAINEY & SALLOUM, Gulfport, Mississippi, for Petitioner. Alan D. Toporek, URICCHIO, HOWE, KRELL, JACOBSON, TOPOREK & THEOS, P.A., Charleston, South Carolina, for Respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ryan Walsh, Inc., petitions this court for review of a decision of the Benefits Review Board (BRB), affirming a decision of an administrative law judge (ALJ) denying modification of an award of total disability benefits in favor of Leroy Ferguson. We affirm.
 
 
 2
 Walsh contends on appeal that the ALJ used an inappropriate standard in reviewing the petition for modification and found facts erroneously. The contentions are without merit.
 
 
 3
 The ALJ reviewed Walsh's petition to determine whether it presented evidence of changed circumstances--physical or economic--that would merit reducing Ferguson's disability award. This is the appropriate standard for reviewing modification petitions. Fleetwood v. Newport News Shipbuilding & Dry Dock Co., 776 F.2d 1225, 1232 (4th Cir.1985), cited with approval in Metropolitan Stevedore Co. v. Rambo, --- U.S. ----, ----, 63 U.S.L.W. 4548, 4549 (U.S. June 12, 1995) (No. 94-820). The comments the ALJ made during his review concerning the inequity in allowing modification based on cumulative evidence--not new evidence, but, rather, more evidence than that brought by the petitioner during its defense of the initial award proceedings--are not inconsistent with the principles of Fleetwood. Modification is appropriate where a petitioner presents new evidence--evidence of changed circumstances or evidence that was unavailable at the time of the initial hearing--that reveals the initial award was too generous given developments after the initial award. The record here reveals that the ALJ considered Walsh's evidence on modification to determine whether it showed changed circumstances regarding Ferguson's physical or economic conditions. The standard the ALJ used was proper.
 
 
 4
 Under the standard properly applied by the ALJ, there is no basis for reversing the BRB's order affirming the denial of modification.
 
 
 5
 The ALJ, as noted by the BRB, found implicitly that Walsh's evidence, consisting in material part of evidence by a new vocational expert regarding the availability of employment that Ferguson might conceivably secure, was insufficient to support any modification. If the record supports this decision with substantial evidence, we must affirm. Fleetwood, 776 F.2d at 1227. We find the record contains substantial evidence, that is, " 'relevant evidence[that] a reasonable mind might accept as adequate to support [the ALJ's] conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The evidence presented by Walsh regarding the chances that Ferguson might find gainful employment in the pertinent market was no different than that presented during the initial hearings: Ferguson might have obtained limited positions in menial jobs, but his chances of employment were insubstantial due to his background, age, back injury, and lack of education. The evidence was perhaps more convincingly presented in favor of Walsh in the modification proceedings, but the evidence supports the ALJ's decision that Ferguson's chances of finding employment were not sufficient to merit reducing his disability income.
 
 
 6
 We find that the ALJ applied the proper legal standard in addressing the modification proceedings. And the ALJ's factual findings are supported by substantial evidence. Therefore, we affirm the BRB's order affirming the ALJ's decision denying modification. We earlier struck that portion of Walsh's brief raising an issue regarding an award of attorneys fees and granted the uncontested motion to submit this case on the briefs. Therefore, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED